UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOPHIA M. BIERMAN,

          Plaintiff,

v.                                          Case No. 25-CV-33

ANS GUARDIANSHIP, et al.,

          Defendants.

---

**DECISION AND ORDER**

---

**1. Procedural history**

On January 7, 2025, pro se plaintiff Sophia Bierman filed a complaint against defendants "ANS Guardianship" and "ANS Home Health" (hereinafter "ANS"),[1] Vicki Hastings, and Rachel Falzone. (ECF No. 1.) She alleged that Hastings and Falzone, working for ANS, committed violations of the National Guardianship Association

---

[1] Bierman refers to the defendants as "ANS Guardianship" and "ANS Home Health." (ECF No. 13 at 1; *see also* ECF No. 1 at 3.) She then refers generally to "ANS" without specificity. (ECF No. 13 at 2-3.) Defendants also refer generally to "ANS." (ECF No. 16 at 2.) The Court notes that Bierman lists the address associated with both ANS Home Health Services Inc. and ANS Guardianship Services Inc. (ECF No. 13 at 1); *see also* ANS, https://www.anshomecare.com (last accessed Apr. 22, 2025); ANS, https://ansguardianship.org (last accessed Apr. 22, 2025). The Court has not received proof of service for any ANS entity. For purposes of this order, the Court does not distinguish between the different ANS entities.

("NGA") Standards in their handling of care for Bierman's autistic daughter, Heather Levenhagen. (*Id.* at 1, 3 (all citations reflect ECF pagination).)

On January 28, the defendants filed a motion to dismiss Bierman's complaint. (ECF No. 11.) Later that same day, Bierman filed an amended complaint. (ECF No. 13.)

It is apparent from Bierman's amended complaint that she is mistaken on several aspects of federal procedure. First, she seems to be proceeding in federal court on the assumption that this case is a continuation of her prior claim in state court, removed to federal court. (ECF No. 13 at 4 ("This is … added to the case of Review of Conduct of Guardian/Removal ….")); *see also* (ECF No. 16-1 (Bierman's state court claim labeled "Petition for Review of Conduct of Guardian")); ECF No. 1-1 (marking "Removed from State Court" as origin of action and writing "title 28 U.S.C. section 1441")); (ECF No. 7 (requesting "a formal Order of Removal to Remand this case from State Circuit Court).)

This case is not Bierman's prior state case removed to federal court. Bierman did not, and cannot, remove her state case to federal court. The removal statutes, including the statute Bierman cited in her Civil Cover Sheet (ECF No. 1-1), focus on the *defendant's* right to remove a case to federal court in certain instances, not applicable here. 28 U.S.C. § 1441; *see also* 28 U.S.C. §§ 1442-1444. The case Bierman filed in federal court is its own, separate case that must stand on its own to state a claim in federal court.

Second, Bierman seems to have intended her amended complaint to supplement her original complaint instead of replace it. (ECF No. 13 at 4 ("This is an amendment to

the original filing on Jan[.] 7[,] 2025 and added to the case of Review of Conduct of Guardian/Removal and the relief stated on the date[.] I left the monetary damages open by Jury. I have asked for [restates relief requested in original complaint].").) But an amended complaint entirely replaces any prior complaint. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Thus, the Court can only consider Bierman's amended complaint, and not her original complaint, when deciding whether she has stated a claim that can survive a motion to dismiss.

On February 18, the defendants filed a motion to dismiss Bierman's amended complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (ECF No. 16.) Bierman then filed a "request to dismiss the defendants['] response to my amended complaint under Rule 15" because the defendants filed their motion within 21 days of the filing of the amended complaint instead of 14 days. (ECF No. 19.) The defendants responded by filing a motion to enlarge time for filing. (ECF No. 20.) On March 10, the Court found good cause to enlarge the time to file, accepted the defendants' motion to dismiss, and advised Bierman that she had 21 days in which to respond to the defendants' motion. (ECF No. 21.)

On March 28, Bierman filed a "motion request to dismiss the defendants['] request to dismiss my amended complaint as well as enlarge their time to file a response to my amended complaint under rule 15[.]" (ECF No. 22.) This filing largely restates Bierman's prior motion "to dismiss" the defendants' motion. (*Id.*) Bierman also

included excerpts of certain guidelines, laws, and other documents that relate to the allegations in her amended complaint. (*Id.* at 2-7; ECF No. 22-2–22-5.) The Court construes this filing as Bierman's response to the defendants' motion to dismiss. *See* Civ. L.R. 7(b).

The time for filing a reply, Civ. L.R. 7(c), and the time for filing a response to a motion, Civ. L.R. 7(b), have both passed and the defendants have not filed any further documents with the court. Thus, briefing is complete and this matter is ready for resolution. All parties have consented to the jurisdiction of this court. (ECF Nos. 2, 10.)

**2. Facts**

Bierman states that the defendants have been receiving her and her daughter's social security funds since 2018. (ECF No. 13 at 2.) She states that, in February 2019, Hastings requested $12,000 for "Overages for Guardianship fees," and requested a total of $9,750 in January 2025 for "Overages and Attorney Fees." (*Id.*) Bierman states that the fee requests violate the NGA Standards, Wisconsin Guardianship Association ("WGA") Standards, and Wis. Stat. § 54.72(1)(c).

As relief, Bierman requests reimbursement for attorney fees, for money she paid for clothes and personal items for her daughter, and states that "ANS should be shut down so they [cannot] do this [to] anyone else." (ECF No. 13 at 4.)[2]

---

[2] Bierman also seems to try to incorporate the relief requested in her original complaint, which focuses on alleged problems in ANS's care for her daughter and requests that Bierman be instated as her daughter's guardian. (ECF No. 1.)

**3. Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject-matter jurisdiction. For purposes of a motion to dismiss under Rule 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Bultasa Buddhist Temple v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). However, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

Under Rule 12(b)(5), "[a] defendant may enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id.* If the court finds that the plaintiff has not properly served a defendant and lacks good cause for failing to do so, the court must either dismiss the action against any defendant who was not properly served or specify a deadline by which the plaintiff must serve the defendant. *Id.* (citing Fed. R. Civ. P. 4(m)).

Under Rule 12(b)(6), a defendant may move to dismiss a claim on the ground that the plaintiff has failed to "state a claim upon which relief can be granted." To

survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868, a complaint in federal court pleads claims, not facts." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

**4. Analysis**

The defendants argue for dismissal of Bierman's amended complaint on four separate grounds: Bierman failed to state a claim; this court cannot provide the requested relief (to shut down ANS); her allegations are barred by collateral estoppel; and she failed to properly serve Hastings and Falzone. (ECF No. 16 at 3-4.)

**4.1. Bierman's "Request to Dismiss the Defendants['] Response"**

Bierman responds to the defendants' motion to dismiss by restating her argument that the court should disregard the defendants' motion due to their failure to file the motion within 14 days of Bierman filing her amended complaint. (ECF No. 19 at 1 (citing Fed. R. Civ. P. 15).)

This repeats the argument Bierman raised in her February 18 motion (ECF No. 16), which this Court ruled on in finding good cause to grant the defendants' motion for a seven-day extension (ECF No. 21). *See* Fed. R. Civ. P. 6(b)(1)(B) (the court may extend a deadline after the time has expired for good cause and where the party failed to act due to excusable neglect). Thus, both Bierman's original and renewed request to disregard the defendants' motion to dismiss will be denied.

**4.2. Subject-Matter Jurisdiction**

Bierman's claim can only proceed in federal court if this Court has subject-matter jurisdiction over her claims. *Aljabri v. Holder*, 745 F.3d 816, 818 (7th Cir. 2014) ("[Federal courts] are required to consider subject-matter jurisdiction as the first question in every case, *see Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998), and … must dismiss [the] suit if such jurisdiction is lacking, *see* Fed. R. Civ. P. 12(h)(3)."). Thus, the Court must assess whether it has subject-matter jurisdiction over Bierman's claims.

Federal courts are courts of limited jurisdiction, meaning they are restricted to hearing only certain claims, as set forth in the U.S. Constitution and federal statutory law. *Int'l Union of Operating Eng'rs, Local 150, AFL–CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Where the U.S. Constitution and federal statutory law do not authorize federal courts to hear a given type of case, the court does not have subject-matter jurisdiction and must dismiss the claim. *Aljabri*, 745 F.3d at 818. The plaintiff, as the party seeking to invoke federal jurisdiction, has the burden to prove that her case is

properly in federal court. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 651 (7th Cir. 2006).

Bierman's amended complaint alleges that the defendants violated the NGA standards, WGA standards, and Wisconsin Law (Wis. Stat. § 54.72(1)(c)). (ECF No. 13 at 2.) As explained above, federal courts are courts of limited jurisdiction that can only hear claims authorized by the U.S. Constitution and federal statutory law. The NGA and WGA standards are standards of practice and guides for those associations, but they do not give rise to a private cause of action for someone arguing that the standards were not followed.[3]

Bierman's allegation that the defendants violated Wisconsin law also does not give rise to a claim in federal court. *See* 28 U.S.C. § 1332. Furthermore, none of the allegations in Bierman's amended complaint suggests that she is raising a claim that might otherwise have a basis in federal law.

Thus, the Court must dismiss Bierman's claim for lack of subject-matter jurisdiction.

Having found that the court lacks subject-matter jurisdiction over Bierman's claims, it does not reach the other issues the defendants raise in their motion to dismiss

---

[3] *See* Nat'l Guardianship Ass'n, *Standards*, https://www.guardianship.org/standards (last accessed Apr. 22, 2025); Wis. Guardianship Ass'n, *Standards of Practice*, https://www.google.com/url?sa=t&source=web&rct=j&opi=89978449&url=http://wisconsinguardianshipassociation.com/images/Standards_of_Practice.doc&ved=2ahUKEwiy1fW-4eGMAxUlM9AFHaROE20QFnoECB0QAQ&usg=AOvVaw0_Q51HkFgld-FG1dTKyDxH (last accessed Apr. 22, 2025).

the amended complaint. (ECF No. 16); *see also Illinois*, 137 F.3d at 478 ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").

**4.3. Leave to Amend**

Ordinarily, courts give a pro se plaintiff at least one opportunity to try to amend her complaint before the entire action is dismissed. *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 346-47 (7th Cir. 2018). But the court need not do so where any amendment would be futile. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

Even if Bierman were allowed to amend her complaint a second time to include the allegations from her original complaint before this Court, it appears that the *Rooker-Feldman* doctrine would bar the court from exercising subject-matter jurisdiction.

The *Rooker-Feldman* doctrine "prohibits the inferior federal courts from reviewing state court decisions." *Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 555 (7th Cir. 2004) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), *District of Columbia v. Feldman*, 460 U.S. 462 (1983), and *Zurich Am. Ins. Co. v. California*, 326 F.3d 816, 821 (7th Cir. 2003)). The doctrine "is a jurisdictional doctrine premised upon the fact that, because federal district courts are courts of original jurisdiction, lower federal courts are not authorized to review appeals from state court judgments except, of course, where Congress has explicitly authorized such collateral review." *Id.* Instead,

'only the Supreme Court has appellate jurisdiction over the civil judgments of state courts.'" *Id.* (quoting *Zurich*, 326 F.3d at 821).

The defendants point out that the alleged violations outlined in Bierman's original complaint track those she already litigated in state court. (*See* ECF No. 11 at 7-8; ECF No. 11-1 (Bierman's petition in state court); ECF No. 11-2 (state court order denying petition); *see also* ECF No. 1.) And Bierman's own filings suggest she seeks to have this court review these issues by attempting to "remove" her existing state court case to federal court. (*See* ECF No. 1-1; ECF No. 7; ECF No. 13 at 4.) Any attempt by Bierman to appeal issues decided in state court is barred by the *Rooker-Feldman* doctrine.

If, instead, Bierman only seeks to relitigate the claims litigated in state court, the claims would be barred by collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980) (federal courts generally accord issues decided by state courts preclusive effect); *In re Larson*, 422 B.R. 913, 920 (E.D. Wis. 2010) (citing *Landess v. Schmidt*, 340 N.W.2d 213, 219 (Wis. Ct. App. 1983) ("Under Wisconsin law, … when an issue is actually litigated and determined by a valid final judgment and the determination is essential to the judgment, it is conclusive in a subsequent action whether on the same or a different claim.").

Bierman's complaint alleges no basis for the court's subject matter jurisdiction. Beyond that, the *Rooker-Feldman* doctrine and collateral estoppel would appear to bar any claim against the defendants. Therefore, the Court finds "that any amendment

10
Case 2:25-cv-00033-WED    Filed 04/22/25    Page 10 of 11    Document 23

would be futile or otherwise unwarranted," *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004), and will dismiss Bierman's claim with prejudice.

**5. Conclusion**

**IT IS THEREFORE ORDERED** that Bierman's First and Second Motion to Dismiss Defendants' Motion (ECF Nos. 19, 22) are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the amended complaint (ECF No. 16) is **GRANTED.** Bierman's amended complaint is **dismissed with prejudice.** The Clerk shall enter judgment in favor of the defendants.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge